117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amador OREGEL-RAMIREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 95-70831, Acp-dll-qyv.
 United States Court of Appeals, Ninth Circuit.
 Decided July 1, 1997.
Submitted June 6, 1997*
 
 Before HUG, Chief Judge, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amador Oregel-Ramirez, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals denying his application for a waiver of deportability under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). He conceded that he was deportable because he had been convicted of two crimes involving moral turpitude. See INA § 241(a)(2)(A)(ii); 8 U.S.C. § 1251(a)(2)(A)(ii).[1] We have jurisdiction[2] and we deny the petition.
 
 
 3
 Oregel principally asserts that the BIA erred by misanalyzing the role and extent of his rehabilitation. "[S]ection 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion." Matter of Edwards, Interim Decision 3134 at 8 (BIA 1990); accord Liu v. Waters, 55 F.3d 421, 427 (9th Cir.1995). Although rehabilitation is an important factor in determining section 212(c) relief, it is not an absolute prerequisite of relief. See Liu, 55 F.3d at 427; Yepes-Prado v. INS, 10 F.3d 1363, 1373 (9th Cir.1993); Matter of Arrequin, Interim Decision 3247 at 4 (BIA 1995). The BIA credited Oregel's "efforts toward rehabilitation," but concluded that his favorable factors were outweighed by his criminal record.
 
 
 4
 Overall, Oregel asserts that, when balancing the equities, the BIA erred because it failed to consider the favorable factors set forth in Edwards, Interim Decision 3134 at 6, and gave undue weight to the adverse factors. To the contrary, the Immigration Judge questioned Oregel about the Edwards factors at the hearing. On appeal, the BIA independently reviewed that record and, with some clarification, adopted the IJ's statement of findings and conclusions.
 
 
 5
 The BIA need only support its decision making with "a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987); accord Liu, 55 F.3d at 426; Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1995). That happened here and nothing more was required.
 
 
 6
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 241 of the INA and 8 U.S.C. § 1251 were redesignated as section 237 of the INA and 8 U.S.C. § 1227, respectively, by the Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104-208, Div. C, Title III, §§ 305(a)(2), 309, 110 Stat. 3009-----, 3009----- (1996). That redesignation became effective April 1, 1997, but is not relevant to the issues on appeal
 
 
 [2]
 See Valderrama-Fonseca v. INS, No. 95-70681, slip op. 7305 (9th Cir. June 24, 1997)