**Jose Altagracia De Los Santos DE LA CRUZ Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, et al., Respondents.**

**No. 01 CIV 1933 JSR.**

United States District Court, S.D. New York.

April 26, 2001.

David Van Muraskin, New York City, for petitioner.

AUSA Krishna Patel, New York City, for respondents.

### MEMORANDUM ORDER

RAKOFF, District Judge.

By petition filed March 7, 2001, Jose Altagracia De Los Santos De La Cruz seeks a writ of habeas corpus to enjoin his removal from the United States and review the lawfulness of that removal. Petitioner argues that under the Court of Appeals' decision in *St. Cyr v. I.N.S.*, 229 F.3d 406 (2d Cir.2000), he is entitled to a discretionary review of his deportation under former § 212(c) of the Immigration and Naturalization Act ("INA"), *see* 8 U.S.C. § 1182(h) (1994). Additionally, petitioner claims that amendments to § 212(c)

under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") violate the constitutional guarantee of equal protection of the laws by irrationally discriminating between deportable and excludable aliens, denying § 212(c) relief only to the former group. Respondents, in turn, move for dismissal on the ground that the Court lacks subject-matter jurisdiction because De La Cruz failed to exhaust the administrative remedies available to him. Petitioner's removal has been stayed while the Court considers the parties' submissions. Upon review and consideration, the Court concludes that it must dismiss the petition and lift the stay.

De La Cruz, who was born in the Dominican Republic in 1947, entered the United States on January 24, 1974 as a legal permanent resident and has lived here ever since. On December 1, 1992, he pled guilty to conspiracy to distribute cocaine and was sentenced to 60 months incarceration. Under the INA, petitioner's conviction made him deportable following his release from prison. *See* INA § 241(a)(2)(B)(i), *codified at* 8 U.S.C. § 1251(a)(2)(B)(i) (1994), *now renumbered as* INA § 237(a)(2)(B)(i), *codified at* 8 U.S.C. § 1227(a)(2)(B)(i)(1999). Accordingly, following his release, on October 2, 1997, De La Cruz was transferred to the detention facility of the Immigration and Naturalization Service ("INS") in Oakdale, Louisiana. On October 7, 1997, however, he was released on bail, and, on motion of his counsel, his application for cancellation of removal was transferred to the Immigration Court in New York.

The matter then was litigated before Immigration Judge Paul DeFonzo. It is undisputed, however, that De La Cruz did not seek relief under former § 212(c) (*i.e.*, the relief he now seeks) either at that time or at any other time during the administrative proceedings regarding his case.

Nor did he at any time raise his equal protection claim before filing the instant petition.

On November 19, 1998, Judge DeFonzo denied De La Cruz's application for a cancellation of removal and ordered his removal to the Dominican Republic. Under applicable regulations, De La Cruz had until December 19, 1998 to file a Notice of Appeal with the Bureau of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 3.38(b) (2000). His counsel undertook to file such a notice but, as his counsel subsequently conceded in oral argument before this Court, *see* transcript, Mar. 16, 2001, was tardy in so doing, with the result that the notice was not received by, and filed with, the BIA until December 23, 1998. Accordingly, on February 18, 1999, the BIA dismissed the appeal as untimely filed.

On February 26, 1999, counsel for De La Cruz submitted a request for reconsideration with the BIA, arguing that the lateness of the Notice of Appeal was the fault of the United States Postal Service (for not completing delivery of the Notice from New York to Washington, D.C. in less than two days, *see* transcript, Mar. 16, 2001). On July 16, 1999, the BIA denied the motion for reconsideration on the ground that counsel had failed to provide credible evidence indicating a date on which the Notice of Appeal and accompanying fees were actually mailed to the Board. Counsel made no effort to cure this defect, and, accordingly, on February 7, 2001, the INS sent a letter to De La Cruz, directing him to surrender on March 14, 2001 for removal to the Dominican Republic. The instant petition was then filed.

█ Under the INA, "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). *See McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct.

1081, 117 L.Ed.2d 291 (1992) (such a statutory directive precludes application of the more lenient common law or "judicial" exhaustion doctrines). "Statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." *Bastek v. Fed. Crop Ins.*, 145 F.3d 90, 94 (2d Cir.1998). In particular, the INA's exhaustion requirement constitutes a " 'clear jurisdictional bar', and admits of no exceptions.' " *Mejia–Ruiz v. I.N.S.*, 51 F.3d 358, 362 (2d Cir.1995) (quoting *Roldan v. Racette*, 984 F.2d 85, 90 (2d Cir.1993)).

■ Here, petitioner repeatedly failed to pursue administratively his claim under former § 212(c) of the INA. First and foremost, he failed to raise the claim at any stage of the administrative process. While petitioner asserts that, prior to *St. Cyr*, it would have been futile to do so under then-prevailing INS interpretations, *see In re Soriano*, 21 I. & N. Dec. 516, 1996 WL 426888 (BIA June 27, 1996), this does not excuse his failing to preserve the issue for judicial review by raising it below. Second, by not timely filing his administrative appeal, he failed to exhaust his administrative remedies as to any issue. Finally, both of the foregoing failures were reconfirmed and further exacerbated when petitioner did not seek to cure the BIA's denial of his motion for reconsideration by submitting the requisite missing information.

■ Petitioner's equal protection claim presents a somewhat different problem. Notwithstanding the broad language of *Mejia–Ruiz*, a narrow exception to the INA's exhaustion requirement exists with respect to constitutional claims that the BIA has no authority to address. *See McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 493–94, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991); *Liu v. Waters*, 55 F.3d 421, 425 (9th Cir.1995); *Arango–Arandondo v. I.N.S.*, 13 F.3d 610, 614 (2d Cir. 1994). Whether petitioner's equal protection claim fits within this narrow exception is a close question. *Compare Singh v. Reno*, 182 F.3d 504 (7th Cir.1999) (alien who failed to file a timely appeal with the BIA could nevertheless seek judicial review of an equal protection claim) *with Massieu v. Reno*, 91 F.3d 416 (3d Cir.1996) (dismissing on failure-to-exhaust grounds alien's petition challenging the unconstitutionality of the provision of the INA under which he was classified as deportable). But even assuming *arguendo* that the Court is not necessarily deprived of jurisdiction over petitioner's equal protection claim by his failure to exhaust his administrative remedies, it is nonetheless deprived of jurisdiction by his lack of standing to raise this claim.

■ The requirement of standing is jurisdictional, *see Thompson v. County of Franklin*, 15 F.3d 245, 248 (2d Cir.1994), and must be examined *sua sponte* when it emerges from the record, *see Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 82 (2d Cir.1996).[1] Here, the claim is that § 212(c) "as amended by the AEDPA" irrationally discriminates between deportable and excludable aliens by denying relief under former § 212(c) to the former group only. Petition, ¶ 37. As respondents point out, however, it is those permanent amendments to the INA enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), rather than the interim changes to § 212(c) promulgated under the AEDPA, that apply to petitioner's claim, since petitioner was placed in removal proceedings after April 1, 1997. *See Henderson v. I.N.S.*, 157 F.3d 106, 117 (2d Cir.1998). Since the AEDPA does not apply to peti-

---

1. In this case, the Court invited, and received, supplemental briefing addressed to the issue of standing.

tioner's case, petitioner suffered no injury from the AEDPA amendments to § 212(c) that he now challenges on equal protection grounds.

Furthermore, the IIRIRA completely eliminated § 212(c) of the INA, and replaced it with § 304(b), a new form of relief called "cancellation of removal." *See* IIRIRA § 304(b), 8 U.S.C. § 1229b(a). Under this new provision, there is no longer any distinction made between inadmissible and deportable aliens in terms of their eligibility, as lawfully admitted permanent residents, for a cancellation of removal. *See id.* Thus, with respect to the IIRIRA, there is no equal protection claim to be made.

Finally, even if the AEDPA *did* apply to petitioner's case, had petitioner not failed to exhaust his administrative remedies he would have been eligible for review of his deportation under the version of § 212(c) in effect *prior to* the amendments made by the AEDPA. It is therefore apparent that petitioner can allege no injury as a result of the passage of the AEDPA and thus has no standing to challenge the supposed equal protection violation in the AEDPA's amendments to § 212(c).[2]

For the foregoing reasons, the Court finds that it lacks jurisdiction to consider any of petitioner's claims. Accordingly, his petition is dismissed with prejudice. In addition, the stay of petitioner's removal that was previously extended on consent until 9 A.M., Monday, April 30, 2001 will not be further extended by this Court. Clerk to enter judgment.

SO ORDERED.

---

[2.] Although the Court dismisses petitioner's equal protection claim for lack of standing, it must also be noted that, on its face, the claim appears to be without merit. *See Domond v. I.N.S.,* 244 F.3d 81 (2nd Cir.2001) (ruling that the AEDPA's distinction between "excludable" and "deportable" aliens in terms of their eligibility for § 212(c) review did not violate an alien's equal protection rights).