Arturo CARRASCO–HUMANANI,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 98–70178.
I & NS No. A70–635–654.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 2001.*

Decided Sept. 5, 2001.

Before HALL and TROTT, Circuit
Judges, and WINMILL,** District Judge.

MEMORANDUM ***

Arturo Carrasco–Humanani appeals the
decision of the Board of Immigration Ap-
peals ("BIA") denying his petition for asy-
lum. We have jurisdiction under 8 U.S.C.
§ 1105a(a), as amended by § 309(c)(4) of
the Illegal Immigration Reform and Immi-
grant Responsibility Act of 1996. Because
the BIA's decision, including its adverse
credibility finding, was supported by sub-

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** The Honorable B. Lynn Winmill, Chief Judge
for Idaho District Courts, sitting by designa-
tion.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

stantial evidence, we affirm. We also reject Carrasco–Humanani's contention that the Immigration Judge ("IJ") denied him due process.

## DISCUSSION

Because the facts are familiar to the parties, we do not repeat them here unless necessary to explain our decision. We review the BIA's determination that an alien is not eligible for asylum under the substantial evidence standard. *See Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). This standard is extremely deferential, and requires us to affirm unless we determine that "the evidence [the alien] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Pure questions of law, such as whether an alien has been denied due process, are reviewed de novo. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). Finally, where the BIA conducts an independent review of the IJ's decision, as it did here, we review the BIA's decision and not that of the IJ. *See, e.g., Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000).

1. **The BIA's Decision Was Supported By Substantial Evidence**

 Several material inconsistencies in Carrasco–Humanani's testimony support the BIA's adverse credibility determination. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). Most significant, of course, is the discrepancy between Carrasco–Humanani's application for asylum, in which he indicated that the group which had given his family trouble was the MRTA, and his testimony, in which he described his problems with the Shining Path but made no mention of the MRTA. In addition, Carrasco–Humanani initially testified that his only contact with the Shining Path in Lima was the incident in which his house was painted with subversive words. On cross-examination, however, he indicated that there were additional incidents in which members of the Shining Path had tried to recruit him and in which he received threats. Carrasco–Humanani also testified on direct examination that he had lived in Lima for a year-and-a-half, but when asked to elaborate on cross-examination, he said he had lived there from January of 1989 to May of 1991, a time frame closer to two-and-a-half years. These inconsistencies "involved the heart of the asylum claim," and thus constitute "specific, cogent, reason[s]" for an adverse credibility finding. *de Leon–Barrios*, 116 F.3d at 393–94.

 Even if we were to credit Carrasco–Humanani's testimony, his petition would fail. Those incidents in which Carrasco–Humanani himself was targeted-the painting of "subversive words" on his house, the threats, and the recruitment attempts-do not establish eligibility for asylum. This situation falls squarely within the holding of *Elias–Zacarias*, which holds that recruitment attempts by a guerilla organization, coupled with threats of violence if the victim refuses to join, do not necessarily establish that the victim has been persecuted on account of a political opinion. Rather, the asylum-seeker must submit some evidence that the guerillas' threats were motivated at least in part because of his political opinion or some other statutorily prohibited ground. *Elias–Zacarias*, 502 U.S. at 482. Carrasco–Humanani has submitted no evidence of the Shining Path's motivation for threatening and attempting to recruit him. Likewise, the murders of Carrasco–Humanani's uncle and cousin, though deplorable, do not establish that he is eligible for asylum. Carrasco–Humanani has submitted no evi-

dence that he himself was an intended target of the attacks or that any terrorist group has imputed a political opinion to him because of his family connections. Carrasco–Humanani has therefore failed to show that any harassment he suffered was *on account of* one of the statutorily prohibited grounds. 8 U.S.C. § 1101(a)(42)(A).

2. Due Process

We also reject Carrasco–Humanani's claim that the IJ denied him due process by failing to allow him to submit additional evidence to corroborate his testimony after his lawyer told him such evidence was unnecessary. First, Carrasco–Humanani did not present his due process claim to the BIA, and we do not have jurisdiction to review claims that were not properly presented and exhausted before that agency. *See, e.g., Liu v. Waters,* 55 F.3d 421, 424–26 (9th Cir.1995). Carrasco–Humanani's claim does not fall within the narrow exception for constitutional challenges to a statute or rule, because merely invoking the due process clause does not remove a claim from the BIA's expertise. *See id.* at 426 (holding that "it is ... clear that the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process") (*quoting Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994)). Carrasco–Humanani's claim that the IJ denied him the right to present additional evidence, if it was error at all, was a procedural error that the BIA would have been fully competent to address.

In any event, an alien raising a due process challenge to deportation proceedings must demonstrate that he was prejudiced by the constitutional error. *See, e.g., Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000). Carrasco–Humanani has not done so. He has made no effort to estab-

lish that the information he was supposedly prevented from introducing could have affected the outcome of his deportation proceedings. *See id.* No new evidence has been submitted. With nothing to review, we have no way of determining whether Carrasco–Humanani's new evidence would have "affected the outcome of the proceedings." *Id.* Carrasco–Humanani's due process claim therefore fails both procedurally and on the merits.

AFFIRMED.