Kwok Hung WONG, Petitioner,

v.

John ASHCROFT [1], Attorney
General, Respondent.

No. 99–71648.

I & NS No. A77–132–734.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Nov. 30, 2001.

---

1. John Ashcroft, Attorney General of the Unit-
ed States, is substituted for his predecessor, Janet Reno, Fed. R.App. P. 43(c)(2).

Before HALL and TROTT, Circuit Judges and WINMILL,[2] District Judge.

2. The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation.

## MEMORANDUM [3]

Kwok Hung Wong, a native of Hong Kong and citizen of the Special Administrative Region of the People's Republic of China, Hong Kong, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We reject Wong's contention that he was denied due process based on ineffective assistance of counsel. Because the IJ's decision, including the IJ's adverse credibility finding, was supported by substantial evidence, we deny the petition for review.

## DISCUSSION

Because the facts are familiar to the parties, we do not repeat them here unless necessary to explain our decision. Where, as here, the BIA adopts the IJ's reasoning, the court reviews the IJ's credibility determination for substantial evidence. *See Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996).

We hold that the IJ's decision was supported by substantial evidence. Inconsistencies in Wong's oral testimony and written statements support the IJ's adverse credibility determination. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). Wong's first statement focused on his family's history of political imprisonment, indicating that his grandfather had been imprisoned by Chinese authorities for eleven years, and that his father had been imprisoned for almost six years. This family history appeared to be the basis of his withholding claim. Yet

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Wong's testimony lacked any reference to his family's history of imprisonment, focusing instead on his attempts to retrieve family property in China and on an incident where he allegedly smuggled dissidents into Hong Kong. The very basis of his claim had changed. In addition, Wong's first statement indicated that he was interrogated by the Chinese authorities, but his second statement made no mention of this interrogation, and his testimony enhanced this interrogation to include over one week of detention, sleep deprivation, constant threats, and torture. Wong failed to even mention that he had been tortured until his oral testimony. These inconsistencies "involved the heart of the asylum claim," and thus constituted "specific, cogent reason[s]" for an adverse credibility finding. *See de Leon–Barrios,* 116 F.3d at 393–94.

■ We also hold that Wong's due process and ineffective assistance of counsel claims were not properly presented to and exhausted before the BIA. According to Wong, his attorney's failure to find a translator to communicate with him in Cantonese doomed his case. Wong never presented this argument to the BIA. "An order of ... exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him ...." *See* 8 U.S.C. § 1105a(c).

■ Wong argues that he was not required to present his ineffective assistance of counsel claim to the BIA because his claim rises to the level of a due process violation. We disagree. Wong's contention is not a general challenge to the constitutionality of the immigration laws. Rather, it raises a procedural error that the BIA could have fixed, had the claim been properly raised. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995). Because the BIA is fully competent to address this question, we have no jurisdiction over his ineffectiveness of counsel claim. *See id.*

PETITION FOR REVIEW DENIED.