Factor RIVERA–HERRERA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73015.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 24, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Factor Rivera–Herrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order denying his motion to terminate removal proceedings and for relief under the Nicaraguan and Central American Relief Act of 1997 ("NACARA"). We have jurisdiction to review Petitioner's contention that NACARA section 202(b) violates equal protection, and we review this constitutional claim de novo. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). We deny the petition.

"'Line drawing' decisions made by Congress ... in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose," *Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001), and "[c]hallengers have the burden to negate 'every conceivable basis which might support [a legislative classification] ... whether or not the basis has a foundation in the record.'" *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1164 (9th Cir.2002) (quoting *Heller v. Doe*,

509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Petitioner has not met this burden, because a rational basis exists for distinguishing groups of aliens from Mexico from those from Nicaragua or Cuba based on conditions in their home countries. *See Jimenez–Angeles*, 291 F.3d at 602–03. Moreover, we have specifically held that NACARA section 203 does not violate equal protection. *See Ram*, 243 F.3d at 517 (Congress's decision to favor aliens from specific war-torn countries "stems from a rational diplomatic decision to encourage such aliens to remain in the United States.").

Contrary to Petitioner's contention, the BIA's affirmance without opinion of the IJ's decision was not improper, because the BIA lacked jurisdiction to consider the constitutional challenge to NACARA. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477 and further order of this Court.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

