**Zhen Tau LIU, Plaintiff–Appellant,**

v.

**Philip L. WATERS, Acting District Director, Immigration and Naturalization Service, Defendant–Appellee.**

No. 94–16262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1995.

Decided May 10, 1995.

* The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

423

Donald Ungar, Simmons, Ungar, Helbush, Steinberg & Bright, San Francisco, CA, for plaintiff-appellant.

Glyndell E. Williams, Asst. U.S. Atty., Sacramento, CA, for defendant-appellee.

Before: GOODWIN, CANBY and T.G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Zhen Tau Liu appeals the denial of his petition for writ of habeas corpus, in which he sought review of the Board of Immigration Appeals' ("BIA") order denying a waiver of excludability and ordering deportation.

## I. BACKGROUND

Liu, a native and citizen of China, entered the United States in 1982, when he was 12 years old. Liu, his parents, three siblings, and both sets of grandparents are all lawful permanent residents. In December, 1989, Liu and several acquaintances visited Canada. While there, they robbed a jewelry store at gun-point. Liu was convicted for robbery, unlawful use of a firearm in the commission of the robbery and possession of stolen goods with a value exceeding $1,000.

After Liu served three years of an eight-year sentence, Canada returned Liu to the United States in January 1993. The Immigration and Naturalization Services ("INS") took Liu into custody at the border and began proceedings to exclude him and deport him back to China under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which bars the admission into the United States of a non-citizen who has been convicted of a crime involving moral turpitude. Liu's exclusion proceedings were conducted in Colorado.

At his hearing, Liu did not contest excludability, but applied only for a discretionary waiver of his ineligibility under the Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c). The statute gives the Attorney General discretion to admit otherwise ineligible aliens who are permanent residents returning from a temporary absence to a lawful unrelinquished domicile of seven consecutive years ("§ 212(c)"). This discretion has been delegated to the BIA.

The Immigration Judge ("IJ") denied Liu's application for waiver, and the BIA affirmed. The INS then transferred Liu to Bakersfield, California. Liu filed a petition for habeas corpus in the Eastern District of California, which was denied. Liu now appeals, claiming that he was improperly excluded from this country and that the BIA erred in denying him a waiver of excludability.

## II. REVIEW OF EXCLUSION

▮ Liu claims he was improperly barred from entering this country.[1] Because he did not raise the issue before the IJ or BIA, the propriety of his exclusion, in the absence of special circumstances, is not before us. *See* 8 U.S.C. § 1105a(c) ("An order of . . . exclu-sion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . . ."); *Fisher v. INS*, 37 F.3d 1371, 1376 n. 3 (9th Cir.1994); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

Liu, now represented by new counsel, asserts that ineffective assistance of counsel caused his failure to challenge excludability at the administrative level. This assertion, however, presents a subsidiary question: whether Liu not only waived the question of excludability, but also failed, by not raising the issue before the BIA, to exhaust his claim that his counsel was ineffective before the IJ.

▮ A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims.[2] In *Roque–Carranza v. INS*, 778 F.2d 1373 (9th Cir.1985), where petitioner sought to present new evidence to this court, citing counsel's incompetence as the reason the evidence was not available earlier, we said he must first move to reopen his case before the BIA. The exhaustion requirement avoids "premature interference with the agency's processes" and helps to compile a full judicial record. *Roque–Carranza*, 778 F.2d at 1374. Similarly, in *Arreaza–Cruz v. INS* 39 F.3d 909, 912 (9th Cir.1994), we refused to hear petitioner's claims of ineffective assistance of counsel because he had not filed a motion to reopen, despite having had ample opportunity to do so. We recently required exhaustion again on the authority of *Roque–Carranza*, in *Rashtabadi*, 23 F.3d at 1567.

---

1. Although Liu is physically present within the United States, the fact that the INS barred him at the border means he has not, technically speaking, entered this country. *Dhine v. Slattery*, 3 F.3d 613, 617 (2d Cir.1993) (although Dhine had been physically present within U.S. borders for over a decade, he had still not entered the country for purposes of the INA); *Garcia–Mir v. Smith*, 766 F.2d 1478, 1484 (11th Cir.1985) ("Even if physically present in this country, [excludable aliens] are legally considered detained at the border."), *cert. denied*, 475 U.S. 1022, 106 S.Ct. 1213, 89 L.Ed.2d 325 (1986).

2. "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing." 8 CFR § 3.2.

## III. OUR FORGETFUL AUTHORS

 Yet in accepting for review some other so-called due process claims in immigration cases we have also broadly stated that we did so because the BIA lacks jurisdiction to adjudicate constitutional questions. *See, e.g., Gonzalez–Julio v. INS,* 34 F.3d 820, 822 (9th Cir.1994); *Bagues–Valles v. INS,* 779 F.2d 483, 484 (9th Cir.1985). A narrower and more accurate statement would be that the BIA lacks jurisdiction to decide questions of the constitutionality of governing statutes or regulations. *See, Rashtabadi,* 23 F.3d supra at 1567. The use of broader language has led to uncertainty in our precedent about which claims not brought before the BIA we will nonetheless hear, with particular reference to ineffective assistance claims.

 Ten years ago, in reviewing claims against the Federal Aviation Administration, we held that a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violated due process. *Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir.1985). This warning has been specifically applied to immigration cases. *See, e.g., Rashtabadi,* supra.

Frequent recitals of a mantra that the BIA has no jurisdiction to decide constitutional questions has led to a formulation as follows: The petition recites that the alien was improperly represented by counsel. It then recites that ineffective assistance equals a denial of due process of law, and therefore presents a "constitutional question" that we must decide without requiring administrative exhaustion, because, of course, the BIA could not decide "constitutional" questions.[3] We are then asked to declare that exhaustion of the administrative process has been satisfied. A good refutation of this faux logic is found in *Rashtabadi,* 23 F.3d at 1567.

In the factual and procedural context of some of these cases, the broad language may have been correct, whether or not it was necessary to the decision. However, taken out of context, such language, when found in a word-search, creates an option for a panel to grant review without exhaustion in one case, but if a differently posed word search is employed, another panel can deny review because the petitioner failed to move to reopen, and thus failed to exhaust. The result is the present wilderness of inconsistent cases in this circuit in which we have perhaps overly relied on electronic retrieval of language from recent cases, more or less innocent of the factual and procedural context in which that language is nestled.

 It is not the law that a petitioner who has procedural grounds for seeking to reopen his administrative proceedings because of incompetent counsel may proceed directly to this court, finessing the BIA. The BIA clearly has the authority, upon a timely motion, to reopen a case for procedural errors. *See Arreaza–Cruz,* 39 F.3d at 912; *Rashtabadi,* 23 F.3d at 1567; and *Roque–Carranza,* 778 F.2d at 1374. Moreover, we have been cited no authority that the BIA cannot reopen a case if a proper showing is made that a miscarriage of justice is about to result because of incompetent counsel in the proceedings before the IJ. (Of course, if the BIA chooses in its discretion not to reopen, review of that decision in this court is for abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 725, 116 L.Ed.2d 823 (1992)). It makes no difference whether the matter is couched in terms of constitutional due process when the record before the BIA contains egregious procedural errors that denied the petitioner a fair hearing. Administrative tribunals, like courts, have the power to reopen and permit the correction of procedural error. *Rashtabadi,* 23 F.3d at 1567.

Obviously, we have been sending mixed signals to the immigration bar. Because counsel can find and cite to us our own cases reflecting inconsistent views on the reviewability of "due process" claims that were not brought up in the administrative proceed-

---

3. Aliens in Liu's situation do not enjoy a right to counsel protected by the Sixth Amendment; rather, because the INS proceedings are civil, "any right a petitioner may have to counsel is grounded in the fifth amendment guarantee of due process." *Magallanes–Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986).

ings, we need to look carefully at the factual and procedural context of each claim.

■ Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws. *See Hernandez–Rivera v. INS,* 630 F.2d 1352, 1355 (9th Cir. 1980) (BIA had no jurisdiction to consider whether deportation violated the Eighth Amendment, nor to consider whether denial of citizen children the right to petition for their alien parents violated equal protection). It is equally clear that the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process. *See Rashtabadi,* 23 F.3d at 1567 (petitioner's allegations of "due process violations," i.e., IJ's failure to advise him of his rights and attorney's failure to obtain consent to admitting deportability, were "exactly the sorts of procedural errors which require exhaustion"). A procedural error may be of constitutional magnitude without depriving the BIA of the authority to correct it.

Counsel should not expect to resurrect hopelessly neglected points before this court by claiming that they involved due process and thus could not have been considered by the BIA. Care should be used in perpetuating dicta appearing to deny the BIA the ability to consider anything that has a constitutional flavor. If the motion to reopen is unsuccessful, we can review its denial for an abuse of discretion. *Doherty,* 502 U.S. at 323, 112 S.Ct. at 725.

■ If the exhaustion requirement is to serve its purpose, we must not allow the exception for constitutional questions to swallow the rule. The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken. On the one hand, we will not hear claims that have not been presented to the BIA simply because they have been labelled constitutional questions; on the other, we will not require a petitioner to engage in the futile exercise of making a motion to reopen when the BIA lacks the jurisdiction to entertain the claim. We turn now to the specific questions in this case.

## IV. WHETHER LIU EXHAUSTED HIS CLAIM

■ We deny review of Liu's claim that he was excluded illegally. The question is whether Liu's counsel's ineffectiveness can excuse his failure to raise the claim earlier, thus allowing the BIA to reopen the case. Because the BIA is fully competent to address this question, we hold that Liu must first make a motion to reopen, with new counsel, if necessary, citing ineffective assistance of counsel as his reason for failing to raise the claim earlier.

## V. WAIVER OF EXCLUDABILITY

■ We next turn to the question whether the BIA abused its delegated discretion to deny Liu a waiver of excludability. As a convicted armed robber, he categorically qualified for exclusion. The Attorney General has discretion to admit permanent residents who return from a temporary absence abroad to an "unrelinquished domicile of seven consecutive years," even if otherwise excludable. 8 U.S.C. § 1182(c). But the BIA is not compelled to admit excludable persons.

■ This court may set aside a denial of waiver only if the BIA "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." *Vargas v. INS,* 831 F.2d 906, 908 (9th Cir.1987). We now turn to the petitioner's argument that the BIA abused its discretion.

■ The BIA noted the following factors in favor of granting Liu a waiver: Liu's entry into the United States at age 12, close family ties, lack of relatives in China, the chemical dependency programs followed while imprisoned, achievement of a high school equivalency diploma and completion of an advanced mathematics course. The BIA then balanced these against the severity of Liu's crime: the armed robbery of a jewelry store of $120,000 worth of goods. The BIA also noted Liu's three disciplinary infractions while in prison and factored in its own lack of conviction that Liu had been rehabilitated, based on Liu's having attributed his crime to peer pressure and a desire to fit in. *See Yepes–Prado v. INS,* 10 F.3d 1363, 1365–66 (9th Cir.1993)

(listing factors to be balanced). The BIA concluded that "a favorable exercise of discretion is not warranted."

Liu claims here that the BIA abused its discretion by failing to consider all relevant discretionary factors, irrationally departing from established policy, and not articulating the standards it applied. We find nothing in the record to support these sweeping assertions.

The BIA abuses its discretion if it fails to state its reasons or to show proper consideration of all factors when weighing the equities. *Yepes–Prado,* 10 F.3d at 1366. Liu critiques the BIA for not discussing the effect upon Liu of deportation to China and for failing to note that two of Liu's disciplinary infractions were minor and occurred during his first year of imprisonment.

■ While the BIA is directed to consider "social and humane" factors as well as the hardship caused by deportation, it was not required independently to take administrative notice of conditions in China, particularly where Liu himself provided no such information. In this case, the BIA fulfilled its obligations by considering that Liu's lack of known relatives in China weighed in favor of waiving expulsion. The BIA has not abused its discretion by not considering political conditions in China, although these are arguably relevant.[4]

Moreover, although Liu claims that the BIA did not consider the nature of his disciplinary infractions, the BIA's opinion states clearly that it did take into account all three relatively trivial occurrences, despite discussing only the marijuana offense. Liu's disagreement with the BIA's assessment of these factors does not mean that the BIA abused its discretion.

■ Liu next contends that the BIA abused its discretion by requiring him to establish rehabilitation as a prerequisite to obtaining a waiver of excludability, thereby departing from established policy that rehabilitation is only one among the many factors

for the BIA to evaluate. *Ayala–Chavez v. INS,* 944 F.2d 638, 642 (9th Cir.1991) (rehabilitation not to be prerequisite for grant of waiver), *Matter of Edwards,* Interim Decision 3134 (BIA 1990) ("section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion.").

Liu offers nothing to show that an examination of all § 212(c) cases would establish that the BIA has departed from its policy of case-by-case evaluations by automatically denying waivers when it is not convinced the petitioner has been rehabilitated. *Israel v. INS,* 785 F.2d 738, 740 (9th Cir.1986). To the contrary, the BIA clearly did consider the individual facts of Liu's case. The BIA listed and discussed the positive and negative factors at length. It explained the reasons for its lack of confidence in Liu's rehabilitation and said that, when combined with the gravity of the offense for which he was convicted in Canada, the unfavorable factors outweighed the favorable equities. The BIA has discretion. Its exercise of discretion is entitled to reasonable deference.

Lastly, Liu claims that the BIA abused its discretion by failing to articulate the standards it applied in evaluating Liu's rehabilitation. The BIA's opinion, however, did articulate the factors it considered relevant to Liu's claim, including his claim to have been rehabilitated.

**AFFIRMED.**

---

4. Liu does not cite to any cases in which the court explicitly held that the BIA was required independently to consider country conditions in a § 212(c) determination. In *Palatian v. INS,*

502 F.2d 1091, 1094 (9th Cir.1974), however, we said that Palatian's repatriation to Bulgaria, a communist regime where he would be deprived of civil liberties, did not preclude his exclusion.