76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vidya CHANDRA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70553.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Feb. 9, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and SEDWICK,** District Judge.
 
 MEMORANDUM
 
 2
 Vidya Chandra ("Chandra"), an ethnic Indian citizen of Fiji, petitions for review of the decision of the Board of Immigration Appeals ("Board") dismissing his appeal of the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158 and 1253. The Board exercised jurisdiction pursuant to 8 C.F.R. §§ 3.1(b)(2) and 242.21. We have jurisdiction over Chandra's timely petition for review pursuant to 8 U.S.C. § 1105a. We conclude that substantial evidence from the record supports the Board's conclusion that Chandra did not suffer persecution in Fiji and does not have a well-founded fear of future persecution if he returns to Fiji. Therefore, we deny review.
 
 
 3
 Under Section 208(a) of the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1158(a), the Attorney General has discretion to grant asylum if the applicant shows he is a "refugee." A refugee is defined as any person who is unable or unwilling to return to his country of origin because he has experienced either past persecution or has a well-founded fear of persecution, due to his race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).
 
 
 4
 An asylum applicant may be eligible for asylum based on past persecution alone. Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (citing Matter of Chen, Int.Dec. 3104 at 4-5 (BIA1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988)). In cases where the applicant or his family has suffered under atrocious forms of past persecution, such that return to the country of persecution would be inhumane, asylum should be granted. Acewicz, 984 F.2d at 1062.
 
 
 5
 Chandra argues that the IJ and the Board failed to give proper weight to his testimony that he was detained without charge for two weeks and was brutally beaten, and that the Board erred in concluding that he failed to establish past persecution sufficient to warrant granting asylum for humanitarian reasons. While there is no doubt that the detention and beatings were contemptible, we find that the record contains substantial evidence (including hospital documentation indicating that Chandra's injuries were superficial) to support the Board's conclusion that the conduct described was not tantamount to persecution.
 
 
 6
 Substantial evidence also supports the Board's conclusion that, even if Chandra had established past persecution, there are no humanitarian or compelling bases, as described in Chen, supra, that warrant a grant of asylum for past persecution alone. Chen was systematically tortured for eight years, due to his religious beliefs. He was locked in a room for six months, beaten and starved, and denied medical care. He testified that he would rather kill himself than return to his native land. Chandra's treatment does not rise to the level of horror described in Chen.
 
 
 7
 Chandra argues that, in determining whether he had a well-founded fear of future persecution, the Board should have taken administrative notice of the facts contained in the State Department's Annual Country Reports on Human Rights Practices, from 1990, rather than 1989, because the 1990 reports reflect significantly different conditions in Fiji. The Board concluded that Chandra failed to establish a well-founded fear of persecution, as evidenced by the facts that he returned to Fiji on two occasions after the 1987 coup, that his father continues to reside and farm in Fiji and his mother intended to return after Chandra's deportation hearing, and that the events Chandra described related to general harassment and discrimination against Indo-Fijians, rather than a specific interest in Chandra himself. The Board further concluded that there is no showing that anyone in Fiji has a continuing interest in Chandra.
 
 
 8
 "While the [Board] is directed to consider 'social and humane' factors as well as the hardship caused by deportation, it [is] not required independently to take administrative notice of conditions in [the designated country of deportation], particularly where [the applicant] himself provided no such information." Liu v. Waters, 55 F.3d 421, 427 (9th Cir.1995). Moreover, even if the Board had considered the information contained in the 1990 Country Reports, substantial evidence supports the conclusion that Chandra has not shown a well-founded fear of future persecution. While there is ample evidence of generalized violence, discrimination and harassment against Indo-Fijians, there is no indication that any potential persecution would be directed specifically at Chandra. See Rebollo-Jovel v. INS, 794 F.2d 441, 448 (9th Cir.1986) (requiring that potential persecution be directed at aliens as individuals, and not simply widespread political violence); Prasad, 47 F.3d at 339 (where ethnic Fijians captured applicant, took him to police station, beat him, and questioned him regarding his support for Labor Party, court affirmed finding that applicant had failed to show well-founded fear of persecution, because there was no evidence that Fijian government had continuing interest in applicant, and because many of applicant's relatives still resided in Fiji without incident).
 
 
 9
 Because Chandra has not met the requirements for asylum, it follows that he cannot meet the more stringent standard for withholding of deportation. De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990).
 
 
 10
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation