82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha Cecilia NAVARRO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70654.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha Cecilia Navarro, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the immigration judge's denial of her applications for asylum, withholding of deportation, and suspension of deportation pursuant to 8 U.S.C. §§ 1158(a), 1253(h), and 1254(a)(1).
 
 
 3
 Navarro raises two issues in her opening brief: (1) whether she received ineffective assistance of counsel when her former counsel allegedly presented inadequate claims for suspension of deportation and for asylum; and (2) whether the waiver of her rights under a settlement agreement and temporary protected status was neither knowing nor intelligent. Navarro raised neither of these claims in her appeal before the BIA.[1]
 
 
 4
 "Because the BIA is fully competent to address [the] question" of whether someone received ineffective assistance of counsel, a petitioner must first make a motion to reopen before the BIA. Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995). In addition, "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). Thus, we decline to consider the issues raised by Navarro in her petition for review, which she raised for the first time before this court.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Navarro filed a motion to reopen with the BIA on January 18, 1996, and has filed a motion to hold in abeyance the petition for review before this court pending the BIA's decision on the motion. We have jurisdiction to review the BIA's final order of deportation as a final appealable order pursuant to 8 U.S.C. § 1105a(a). Although we have the power to stay our proceedings, we will do so only in extraordinary circumstances. Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992). We deny Navarro's motion to stay appellate proceedings. In order to afford the petitioner an opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen, however, we stay our mandate for 60 days. Id