92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Edgar DUARTE-MONTANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70811.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Edgar Duarte-Montano ("Duarte-Montano"), a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for voluntary departure sought pursuant to section 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e).
 
 
 3
 In his petition to this court, Duarte-Montano contends that the BIA erred by concluding that he was statutorily ineligible for voluntary departure. Duarte-Montano also contends that he was denied effective assistance of counsel at his deportation hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and we deny the petition for review.
 
 
 4
 This court reviews a finding of statutory ineligibility for voluntary departure for substantial evidence. See Mabugat v. INS, 937 F.2d 426, 431 (9th Cir.1991). Constitutional issues are reviewed de novo. See United States v. Aguilar, 883 F.2d 662, 697 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991).
 
 
 5
 Duarte-Montano contends that the BIA erred by concluding that he was statutorily ineligible for voluntary departure because his prior illegal entry and criminal record precluded him from establishing good moral character during the five years preceding his request for voluntary departure. This contention lacks merit.
 
 
 6
 "A petitioner who seeks voluntary departure under 8 U.S.C. § 1254(e) has a two part burden." Rashtabadi v. INS, 23 F.3d 1562, 1571 (9th Cir.1994). "He must first establish his statutory eligibility for that relief and then show that he is entitled to a favorable exercise of agency discretion." Id. (citation omitted). A petitioner must "establish ... that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary deportation...." 8 U.S.C. § 1254(e)(1).
 
 
 7
 Here, Duarte-Montano did not establish good moral character because he was prosecuted for re-entry after deportation, and illegal entry, and sentenced to 24 months confinement on April 4, 1991. Because Duarte-Montano was incarcerated as a result of his conviction for more than 180 days during the five years preceding his application for voluntary departure, he was not a person of good moral character for the statutorily required period and was statutorily ineligible for voluntary departure. See 8 U.S.C. § 1101(f)(7); Rashtabadi, 23 F.3d at 1571-72. Accordingly, the BIA's decision was based on substantial evidence.
 
 
 8
 Duarte-Montano also contends that he was denied effective assistance of counsel at his deportation hearing. This contention will not be addressed on the merits.
 
 
 9
 Duarte-Montano did not raise this claim before the BIA. See Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995) (explaining that the BIA has the power to correct procedural errors and that labelling claims constitutional will not cause this court to hear claims that were not presented to the BIA.) Accordingly, this court does not have jurisdiction to hear this claim. See id.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3