120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farouk HUSSEIN EL DABAA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71065.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Farouk Hussein El Dabaa, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") decision finding he abandoned his opportunity to seek adjustment of status. We dismiss the petition for lack of jurisdiction.
 
 
 3
 El Dabaa contends that the IJ abused his discretion by failing to order a continuance to allow him to locate and file his I-485 form with the immigration court. El Dabaa, however, did not ask the IJ for a continuance, nor did he raise this issue with the BIA. Thus, we lack jurisdiction to hear the issue. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (stating that failure to raise issue before BIA constitutes failure to exhaust administrative remedies, depriving court of jurisdiction to hear matter).
 
 
 4
 El Dabaa also contends that he was deprived of due process due to the ineffectiveness of his former counsel. El Dabaa, however, did not raise this issue with the BIA in a motion to reopen. Thus, we also lack jurisdiction to hear this issue. See Liu v. Waters, 55 F.3d 421, 424-25 (9th Cir.1995) (holding that court lacks jurisdiction to hear ineffective assistance of counsel claim where petitioner had not exhausted administrative remedies by filing motion to reopen with BIA).[1]
 
 
 5
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We need not address El Dabaa's alternate request that we grant him 30 days to depart voluntarily, because the period in which an alien can voluntarily depart begins to run on the day this court issues its mandate, even where the period had lapsed before a petition for review was filed. See Contreras-Aragon v. INS, 852 F.2d 1088, 1096-97 (9th Cir.1988)