**Gerardo Rafael VELEZMORO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73244.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Filed April 1, 2004.

"unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section," also fails.

Vadim Yuzefpolsky, Beverly Hills, CA, for the petitioner-appellant.

Jacqueline R. Dryden, Michele Y.F. Sarko, U.S. Department of Justice, Civil Division, Washington, DC, for the respondent-appellee.

Before: B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

BETTY B. FLETCHER, Circuit Judge:

Gerardo Rafael Velezmoro ("Velezmoro"), a native and citizen of Peru, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. Velezmoro sought to apply for adjustment of status based on the fact that he had recently married a United States citizen. The BIA denied the motion because it concluded that Velezmoro was statutorily ineligible for adjustment of status as a result of his failure to depart the United States pursuant to an earlier grant of voluntary departure. We have jurisdiction pursuant to former 8 U.S.C. § 1105a, and the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009, as amended by the Act of October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. We grant the petition and remand for further proceedings.

## I.  Background and Procedural History

In 1994, the former Immigration and Naturalization Service ("INS")[1] initiated deportation proceedings against Velezmoro, charging that he had entered the country without inspection. Velezmoro conceded the charge but applied for asylum and withholding of deportation. At Velezmoro's merits hearing, an immigration judge denied those applications but granted Velezmoro voluntary departure in lieu of deportation. Velezmoro appealed the immigration judge's decision to the BIA. The BIA affirmed the immigration judge's order, but extended the period during which Velezmoro could voluntarily depart to May 23, 1998. Velezmoro did not depart by that date. Instead, he moved to reopen his deportation proceedings, arguing that his recent marriage to a United States citizen rendered him eligible for adjustment of status. The BIA initially rejected Velezmoro's filings because Velezmoro's attorney had failed to file the appropriate paperwork. Velezmoro retained

---

**1.** On March 1, 2003, the INS ceased to exist and its functions were transferred to the newly created Department of Homeland Security. See *Aguilera–Ruiz v. Ashcroft,* 348 F.3d 835, 835 n. * (9th Cir.2003).

new counsel, who filed another motion to reopen with the proper documentation. The BIA again rejected the motion to reopen, this time finding that Velezmoro was ineligible for the relief requested because of his failure to depart as required by the earlier grant of voluntary departure. Velezmoro timely filed this petition for review.

## II. Discussion

Former section 242B of the Immigration and Nationality Act ("INA") provides that an individual is ineligible for adjustment of status if he or she was granted voluntary departure but nonetheless remained in the United States. The statutory period of ineligibility is five years "after the scheduled date of departure or the date of unlawful reentry, respectively." 8 U.S.C. § 1252b(e)(2)(A) (Supp.1995). At the time that the BIA rendered its decision denying Velezmoro's motion to reopen, in September 2002, former section 242B of the INA rendered Velezmoro ineligible for adjustment of status because less than five years had elapsed since his scheduled date of departure. At the time of this decision, however, the five-year statutory bar has expired.[2] It therefore appears that Velezmoro is no longer barred from applying for adjustment of status.

The procedural posture of the case presents us with a difficult situation. Were we to deny the petition, as the dissent suggests, Velezmoro would have no realistic opportunity to apply for the adjustment of status for which he now appears to be eligible. Velezmoro cannot file another motion to reopen with the BIA because he could not meet the exceptions to the time- and number-bars in 8 C.F.R. § 1003.2. That section provides that an alien can file only one motion to reopen proceedings with the BIA, and that the motion must be filed within 90 days of the BIA decision in the case. 8 C.F.R. § 1003.2(c) (2003). The regulation does provide for certain exceptions, but none of them are applicable here. Moreover, the government indicated at oral argument that it would not join in a motion to reopen proceedings, which would have provided Velezmoro the only possibility of overcoming the time- and number-bars.

We recognize that Velezmoro did not comply with the terms of the grant of voluntary departure, but the question before us is not whether he is to be penalized, but how. Congress has specified that the penalty for Velezmoro's failure to comply is that he could not apply for certain immigration benefits for a period of five years. See 8 U.S.C. § 1252b(e)(2)(A) (Supp.1995). Velezmoro has "served" that time, in that he has been unable to obtain the status that his marriage to a U.S. citizen would otherwise entitle him to. Were we to deny Velezmoro's petition, we would effectively turn Congress' five-year ban into a much longer period of ineligibili-

---

**2.** Because Velezmoro's scheduled date of departure was May 23, 1998, he was barred from applying for adjustment of status through May 23, 2003. We note that nothing in the record suggests that Velezmoro has left the United States and reentered illegally, such that the five-year period would have begun to run at a later date.

We note that, contrary to the dissent's assertion, our decision in *Shaar v. INS*, 141 F.3d 953 (9th Cir.1998), supports the proposition that the ineligibility period set out by former section 242B begins to run as of the scheduled date for voluntary departure. In *Shaar*, we held that the filing of a motion to reopen did not toll the period of voluntary departure during which an alien could depart. *Id.* at 958. Since the scheduled date of departure was not tolled for Velezmoro when he filed his motions to reopen, it follows that the period of ineligibility pursuant to former section 242B continued to run during his attempts to reopen the case with the BIA. In any event, we conclude that this is a question that should be resolved in the first instance by the BIA.

ty, since Velezmoro would not be eligible to reenter the United States for another ten years. *See* 8 U.S.C. § 1182(a)(9)(A)(ii).

Under these circumstances, we conclude that the proper disposition is to remand the case to the BIA for it to consider in the first instance whether Velezmoro continues to be barred from applying for adjustment of status at this time. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). The dissent argues that *Ventura* is inapplicable in this case because the issue of eligibility was not raised at the BIA. Of course, the continued applicability of the bar in section 242B of the INA could not have been raised during the earlier BIA proceedings for the simple reason that it was not an issue until May 24, 2003, several months after the BIA's decision. Moreover, the government's position in its supplemental brief is that, if Velezmoro's claims are to be considered, they should be first presented to the BIA pursuant to *Ventura.*

### III. Conclusion

We grant Velezmoro's petition for review and remand the case to the BIA for it to consider in the first instance whether former section 242B of the INA continues to bar Velezmoro from applying for adjustment of status.

**PETITION GRANTED; REMANDED.**

BRUNETTI, Circuit Judge, dissenting:

The majority of the panel has decided to grant the petition for review because the BIA has not had an opportunity to consider whether the five year bar in 8 U.S.C. § 1252b continues to apply to Velezmoro's request for adjustment of status.

I dissent because the five year bar was correctly applied by the BIA at the time of its decision, and this is the only issue before us. Whether Velezmoro is now eligible for adjustment of status based upon this lapse in time is not before us and whether he has forfeited his opportunity for relief by failing to abide by the immigration process should not persuade us.

### I.

Velezmoro is a native and citizen of Peru who illegally entered the United States in 1992. In November of 1994, the INS initiated deportation proceedings. Velezmoro conceded deportability but filed an application for asylum and for temporary withholding of removal. His applications were denied, and the denials were ultimately affirmed by the BIA. Following the conclusion of his appeal to the BIA in April of 1998, he was granted a voluntary departure date of May 23, 1998. Velezmoro married a United States citizen on December 30, 1997.

Velezmoro did not depart the United States by his scheduled departure date or seek an extension of this date. Instead, he commenced a flurry of filings that prolonged his case to bring it before us today.

First, three days after the deadline, on May 26, 1998, his attorney filed "an appeal" with the BIA, alleging that he was entitled to relief because he married a United States citizen. With this appeal, he provided the BIA with documents proving the marriage but did not include an adjustment of status application or an approved visa petition, two required documents. Instead, he filed an adjustment of status request in the Los Angeles INS office, which was incorrect since Velezmoro was in deportation proceedings.

The BIA treated his appeal as a motion to reopen, and on June 16, 2000, denied it for failure to provide the correct documentation.

Two months later, Velezmoro, through new counsel, then filed a second motion to reopen with the BIA that was accompanied

with an approved application for a visa and a copy of the adjustment of status application that had been erroneously filed with the INS. On September 9, 2002, the BIA denied this second motion, finding that Velezmoro was barred from seeking an adjustment of status for five years from his set voluntary departure date since he failed to depart by that date.

Velezmoro then filed this petition for review. Upon discovery by the panel that more than five years have elapsed since Velezmoro's voluntary departure date, the parties were ordered to file supplemental briefs regarding the continuing applicability of this rule.

## II.

Regardless of the passage of time, the issue before us on this petition for review remains whether the BIA erred in denying Velezmoro's motion to reopen.

The standard and scope of our review of denial of a motion to reopen is clear. We review such denials for abuse of discretion, and we only reverse where the decision is "arbitrary, irrational, or contrary to law." *Singh v. INS.*, 213 F.3d 1050, 1052 (9th Cir.2000) (internal quotation marks omitted). We also only have jurisdiction to review those issues raised below and that are set out in the administrative record. 8 U.S.C. § 1252(b)-(d) (specifying that a court of appeals may only review those claims that have been exhausted and that the court must limit its review to the administrative record). *See also Liu v. Waters*, 55 F.3d 421, 424 (9th Cir.1995) (holding that a new claim must be presented to the BIA by way of a motion to reopen before being considered on petition for review).

Under these well-defined standards, resolution of this petition for review is clear. It must be denied since the BIA correctly applied the statutory bar to Velezmoro's second motion to reopen. Velezmoro's de-portation proceedings were commenced in 1994. He was ordered to voluntarily depart by May 23, 1998, and he did not. Nor did he seek an extension of this departure date. *See* 8 C.F.R. § 240.57 (1998) (specifying that an alien may apply to the district director having jurisdiction over their place of residence for extensions of their voluntary departure date). Under 8 U.S.C. § 1252b(e)(2)(A), "any alien allowed to depart voluntarily ... who remains in the United States after the scheduled date of departure, other than because of exceptional circumstances, shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure...." Adjustment of status is one form of relief covered under this provision. Since Velezmoro was ordered to voluntarily depart in 1998, under this rule, he was not eligible to apply for adjustment of status at the time of the BIA's decision.

The majority is mistaken in its reliance on *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) as justification for granting the PFR and remanding the case to the BIA to consider § 1252b's continued applicability. While the Supreme Court held in *Ventura* that courts of appeals must remand issues not considered by the BIA rather than decide them, implicit in the Court's holding was that the parties had raised the dispositive issue, whether changed country conditions precluded granting relief, to the BIA and the BIA did not consider it. *Ventura*, 537 U.S. at 15, 123 S.Ct. 353(quoting BIA order that specified the BIA "need not address" the issue of "changed country conditions."). Here, the BIA has not been presented with this issue. For this reason, *Ventura* is distinguishable.

Velezmoro can not use this petition for review to now raise an adjustment of status consideration.

This conclusion is dictated by the scope and standard of our review and is inescapable. The majority, by granting the PFR, is curing Velezmoro's disrespect for the process. Velezmoro had options to lawfully seek an adjustment of status following his marriage, and he did not pursue them. It is not the court's job to cure his failure to follow the law. It is up to Velezmoro to seek relief as the law may or may not provide by new proceedings. It is not within our review to advise or facilitate such new proceedings.

### III.

Finally, in deciding to allow the passage of time to work to Velezmoro's benefit, the majority is in conflict with *Shaar v. INS*, 141 F.3d 953 (9th Cir.1998). In *Shaar*, the aliens were granted voluntary departure and also became eligible for relief in the months prior to their set departure date. They did not file a motion to reopen until a few days before their departure date, and thus it was decided after the date and denied pursuant to § 1252b(e)(2)(A). This court affirmed, holding that voluntary departure is a privilege not a right, and aliens allowed to voluntarily depart can not passively wait for delays in the process to work to their benefit. *Shaar*, 141 F.3d at 956–57 & n. 2. As we said then, in denying the Shaars relief, "it is clear that Congress [through its passage of § 1252b] desired to control the untoward delays which had developed in the immigration system, and to expedite proceedings to the extent reasonably possible" and the Shaars "avoided that orderly process and simply stayed on beyond the scheduled date, without a by-your-leave from the District Director or any other representative of the United States." *Id.* at 957.

The same reasoning should apply here. Velezmoro married a United States citizen on December 30, 1997, five months before his voluntary departure date. At no point prior to his set departure date did he file for an extension of this date or a motion to reopen based upon his marriage. Instead, he waited until three days after this date to file an appeal of the BIA decision. When this was denied two years later, he filed this motion to reopen that is before us now.

In keeping consistent with *Shaar*, Velezmoro's PFR should be denied as the facts here are even less compelling since he waited until after his voluntary departure date to even seek relief based upon his marriage. The bottom line here is Velezmoro, as did the Shaars, had options to seek relief and an obligation to pursue them in a timely manner if he wished to lawfully remain in the United States.

For these reasons, I dissent.