Juan Zuniga TORRES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75429.

United States Court of Appeals, Ninth Circuit.

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Jaime Jasso, Esq., California Alien Rights Project, LLC, Westlake Village, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Juan Zuniga Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his request for cancellation of removal. Because Torres raises legal questions, we have jurisdiction under 8 U.S.C. § 1252. *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir.2005). We review de novo the interpretation of immigration statutes, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003), and may decide legal questions without first remanding to the BIA, *Chong Shin Chen v. Ashcroft*, 378 F.3d 1081, 1088 (9th Cir.2004). We deny the petition for review.

The BIA properly determined that it lacked the authority to consider Torres' constitutional challenge to the cancellation of removal statute. *See Liu v. Waters*, 55 F.3d 421, 425 (9th Cir.1995) (indicating that the BIA only has jurisdiction to consider constitutional claims involving procedural errors).

Torres' legal and constitutional challenge to the statute and caselaw defining exceptional and extremely unusual hardship is unpersuasive. When an applicant seeks cancellation of removal because of hardship to a qualifying child, the best interests of the child are at the very core of the analysis and the fact that the agency also considers the relative weight of a child's interests does not make them a secondary consideration. *See Cabrera–Alvarez*, 423 F.3d at 1012–13.

All remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.