**Guy Privat TAPÉ and Lou Nazie Raymonde Toto, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

Nos. 03–70097, 03–73273.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2006.

Decided March 21, 2006.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Guy Privat Tape, Hercules, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Esq., Margot L. Nadel, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

■ Credible evidence supports the decision of the Board of Immigration Appeals ("BIA") to affirm the Immigration Judge's ("IJ") denial of asylum and withholding of removal to Petitioners. The IJ reached this conclusion after determining that Petitioner Guy Tapé ("Tape") lacked credibility with regard to his 1992 arrest, detention, and escape based largely on the implausibility of his actions after the escape. In particular, the IJ found it implausible that, having gone immediately to his government employer, the employer—a member of the party allegedly persecuting the Petitioner—would let him simply walk off knowing that he had just escaped from prison. An IJ's determination of credibility is valid if it is based on specific, cogent

common-sense reasons why the petitioner's claims are implausible. *See Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir. 2005).

The remainder of the incidents, which the IJ found to be credible, are insufficient to support a grant of asylum or withholding of removal. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Co-petitioner Lou Toto's asylum and withholding claims also fail, as they are based entirely upon the believability of Tapé's application.

■ The BIA did not abuse its discretion by denying Petitioners' motion to reopen based on changed circumstances where most of the evidence supporting the Petitioners' motion was readily available at the time of their removal hearing before the IJ and the remaining evidence consists of news reports and allegedly threatening e-mail messages. The e-mail messages were not clearly addressed to Tapé and do not contain specific threats. Similarly, the news reports do not have any direct bearing on Tapé's situation.

Petitioners' claims regarding their illnesses cannot be considered by this court because Petitioners did not raise them before the IJ or the BIA and, therefore, have not exhausted their administrative remedies. *See Liu v. Waters,* 55 F.3d 421, 424 (9th Cir.1995).

PETITION DENIED.

THOMAS, Circuit Judge, concurring in part and dissenting in part.

I agree that the Board of Immigration Appeals properly denied the motion to reopen and that the petitioners have not yet exhausted their administrative remedies before the agency as to their health problems.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

However, I would grant the petition for review as to the denial of asylum. For an adverse credibility finding to withstand this court's review, the immigration judge must articulate specific, cogent reasons to support the finding. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). None of the three reasons offered by the immigration judge for the finding that Tapé's testimony regarding his 1992 arrest (lack of detail, implausibility and failure to provide substantiating evidence) meet this standard. The IJ did not point to any specific instances where Tapé's testimony lacked detail. The IJ's rejection of Tapé's testimony as implausible was based on sheer speculation and conjecture which cannot support an adverse credibility finding. *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000). Finally, an asylum petitioner's claims do not require substantiating evidence beyond his credible testimony. *Garrovillas v. INS,* 156 F.3d 1010, 1016–17 (9th Cir.1998).

For these reasons, I would grant the petition for review and remand for further proceedings before the BIA.