**Cleyce Miguel REYES–REYES, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–72834.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 15, 2009.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Tracey McDonald, Catherine M. Weinstock, Esquire, U.S. Department of Justice, Organized Crime and Racketeering Section, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS and TALLMAN, Circuit Judges, and SINGLETON,* Senior District Judge.

**MEMORANDUM ***

Petitioner Cleyce Miguel Reyes–Reyes ("Reyes–Reyes") seeks review of a Board

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

of Immigration Appeals' ("BIA") decision denying his application for asylum and withholding of deportation. Reyes–Reyes was a partial owner of a company that was targeted by the terrorist organization Sendero Luminoso ("Shining Path"). Although finding his testimony credible, the BIA concluded that Shining Path did not target Reyes–Reyes and his partners on account of a protected ground or, alternatively, that he did not establish that Shining Path was a group the Peruvian government was unable or unwilling to control during the relevant time frame (1989–1990). We deny the petition on the latter ground.

To qualify for asylum, the source of an applicant's persecution must be either a state actor or persons or groups that the government is unwilling or unable to control. *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000). Reyes–Reyes bears the burden of establishing this factor. 8 C.F.R. § 208.13(a). In cases of non-governmental persecution, we "consider whether an applicant reported the incidents to police, because in such cases a report of this nature may show governmental inability to control the actors." *Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir.2004); *see also Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005) (failure to report non-governmental persecution due to subjective belief that police would do nothing did not establish that government was unwilling or unable to control persecutors).

Reyes–Reyes did not report any of Shining Path's attacks or threats to the police, nor did he present sufficient evidence that to do so would have been futile or resulted in his further abuse. *See Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1058 (9th Cir. 2006) (holding that to obtain relief, an applicant who suffered past persecution "at the hands of private parties the govern-

ment is unwilling or unable to control need not have reported that persecution to the authorities if he can *convincingly establish* that doing so would have been futile or have subjected him to further abuse" (emphasis added)). Instead, the country conditions evidence presented by Reyes–Reyes post-dated the attacks of which he complains by several years.

Although Reyes–Reyes argues that the BIA could have taken administrative notice of country conditions in Peru during the relevant time frame, the BIA does not abuse its discretion by *failing* to do so when such relief is not requested. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *Liu v. Waters,* 55 F.3d 421, 427 (9th Cir.1995) (the BIA is "not required independently to take administrative notice of [country] conditions"). Thus, on the limited record evidence before it, the BIA's decision that Reyes–Reyes did not bear his burden of proving the government was unable or unwilling to control Shining Path in 1989–1990 is supported by substantial evidence.

**PETITION DENIED.**