MEMORANDUM **
Petitioner Nirmal Singh asks us to review an order of the Board of Immigration Appeals (“BIA”) returning him to India. We review de novo the BIA’s legal conclusions, and we review its factual findings for substantial evidence. Lopez-Birrueta v. Holder, 633 F.3d 1211, 1214 (9th Cir.2011). We dismiss in part and deny in part the petition for review.
1. Because our disposition in this case turns on the adverse credibility determination made by the immigration judge (“IJ”) and affirmed by the BIA, we begin with that issue. This case predates the REAL ID Act of 2005, so we apply pre-REAL ID Act rules. Rizk v. Holder, 629 F.3d 1083, 1087 n. 2 (9th Cir.2011). Because the BIA adopted the IJ’s findings of fact, which include the IJ’s adverse credibility determination, we review the IJ’s decision for substantial evidence. Id. The IJ’s credibility determination is “ ‘conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.’” Id. (quoting 8 U.S.C. § 1252(b)(4)(B)). We therefore must uphold the IJ’s credibility determination “so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Petitioner’s] claim.” Id. (alteration omitted) (emphasis added) (internal quotation marks omitted). “[E]ven minor inconsistencies going to the heart of [Petitioner’s] claim may, when considered collectively, deprive the claim of the requisite ring of truth, thereby supplying substantial evidence that will sustain the IJ’s adverse credibility determination.” Id. at 1088 (alteration omitted) (internal quotation marks omitted).
A. The IJ gave many reasons why she did not believe Petitioner,[1] which include her finding that Petitioner “was often non-responsive and evasive.” The adverse credibility determination therefore rests, in part, on Petitioner’s demeanor, to which we give “special deference.” Jibril v. Gonzales, 423 F.3d 1129, 1137 (9th Cir.2005). When Petitioner’s testimony is read as a whole, the IJ’s determination of evasiveness and nonresponsiveness is evidenced. When posed questions, Petitioner often asked for the question to be repeated. This could have been due to interpretation problems, but Petitioner never claimed interpretation problems. Additionally, Petitioner’s testimony with respect to how many times he was beaten during his second arrest and his answer as to why Gurjit had been arrested in 1997 could reason *946 ably be interpreted as nonresponsive and evasive. Because the record does not compel us to conclude that the IJ erred when she disbelieved Petitioner, we must uphold the adverse credibility finding.
B. The IJ disbelieved Petitioner because, in addition, the two country reports in the record directly contradicted his testimony. Petitioner testified that the police arrested, interrogated, and beat him on three separate occasions over three years solely because Petitioner was friends with a former classmate, Gurjit Singh, who participated in the All-India Sikh Student Federation (the “Federation”). Two unbiased country reports cast doubt on Petitioner’s testimony. One of those country reports, published by the British Home Office, states that, “[t]here are no reports that members of [the Federation] are specifically targeted or discriminated against as a result of their membership.” And the other country report, published by the U.S. Department of State, states that “[b]y mid-1998, few if any terrorist groups were operating in the Punjab,” the Indian state where Petitioner claims to have been persecuted. The report further states that “the [Federation]., renounced] the use of force.”
Although the State Department report suggests that some individual members of the Federation might still support violent measures, Petitioner was unable to identify anything that his classmate had done that had attracted the attention of the police. To the contrary, Petitioner testified that Singh “could not be a militant.” Petitioner’s reasoning therefore boils down to a suggestion that, merely by being a member of the Federation, Singh had become a target. The IJ correctly observed that the country reports directly contradict that suggestion.
IJs are entitled to rely on information contained in the unbiased country reports when rejecting a petitioner’s asylum claim. Testimony that is implausible in light of the background evidence can support an adverse credibility finding. Jibril, 423 F.3d at 1135. In particular, “a finding made by an IJ that a petitioner’s testimony is implausible given the evidence in a Country Report or other objective evidence in the record is accorded deference.” Id. Accordingly, for this reason, too, we hold that substantial evidence supports the adverse credibility determination.
2. We lack jurisdiction to review the BIA’s determination that Petitioner filed his asylum application too late. Under 8 U.S.C. § 1158(a)(2)(B), in the absence of changed or otherwise extraordinary circumstances, Petitioner must prove by clear and convincing evidence that he filed his asylum application within one year after his most recent arrival in the United States. The IJ determined that Petitioner had failed to carry that burden. The BIA agreed. Under 8 U.S.C. § 1158(a)(3), “[n]o court shall have jurisdiction to review any determination” under § 1158(a)(2).
Although we retain jurisdiction to consider “constitutional claims and questions of law” notwithstanding § 1158(a)(3), Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (internal quotation marks omitted), in these circumstances, whether Petitioner has established the timeliness of his application by clear and convincing evidence is not a question that we may review. In Khunaverdiants v. Mukasey, 548 F.3d 760 (9th Cir.2008), we held that we have jurisdiction to review the BIA’s timeliness determination if the precise question presented to us amounts to “a mixed question of law and fact.” Id. at 765 (internal quotation marks omitted). Quoting Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), we defined such a question to be one “ ‘in which the historical facts are admitted or established, the rule *947 of law is undisputed, and the issue is whether the facts satisfy the statutory standard.’ ” Khunaverdiants, 548 F.3d at 765. Accordingly, we held that we could review the BIA’s timeliness decisions when “any view of the historical facts necessarily establishes that [the petitioner] filed his asylum application within one year of his arrival.” Id. (emphasis added); see also Lin v. Holder, 610 F.3d 1093, 1096 (9th Cir.2010) (per curiam) (reaching the same conclusion because the facts were “indistinguishable” from Khunaverdiants).
In both Khunaverdiants, 548 F.3d at 766, and Lin, 610 F.3d at 1096, the IJ accepted the petitioners’ testimony as credible and, under any possible view of that crucial testimony, the facts necessarily established timely filings. Here, by contrast, the IJ and the BIA both made an adverse credibility finding that, for the reasons explained above, substantial evidence supports. We therefore distinguish Khunaverdiants and Lin from the facts here. Because Petitioner failed to provide credible testimony that would compel a finding that he filed his asylum application in time, we hold that § 1158(a)(3) deprives us of jurisdiction to review the BIA’s timeliness determination.
Finally, we observe that, even if Petitioner had filed a timely asylum application, the IJ specifically held also that Petitioner failed to show entitlement to asylum on the merits because he was not a credible witness as to the alleged persecution on account of a protected ground. The BIA upheld all of the IJ’s findings, including adverse credibility. Accordingly, even if we had jurisdiction to consider the merits of Petitioner’s asylum claim, we would be compelled to uphold the BIA’s denial of the claim because substantial evidence supports the adverse credibility determination.
3. Here, for the first time, Petitioner argues in the alternative that changed circumstances should excuse his tardy application under 8 U.S.C. § 1158(a)(2)(D). He further argues that the BIA denied him due process by failing to consider whether § 1158(a)(2)(D) entitles him to asylum. But Petitioner never asked the BIA to do so. Instead, he steadfastly argued that he filed his application in time. Because Petitioner failed to exhaust his alternative argument, 8 U.S.C. § 1252(d)(1) deprives us of jurisdiction to consider it. And, because we do not allow petitioners to avoid the statutory exhaustion requirement merely by casting a neglected claim in the terms of a due process violation, we may not consider Petitioner’s parallel due process claim, either. Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995).
4. We deny review of Petitioner’s claims for withholding of removal and relief under the United Nations Convention Against Torture (“CAT”). Because Petitioner produced little more than his incredible testimony, substantial evidence supports the BIA’s decisions that Petitioner failed to establish a clear probability of persecution, as required for withholding of removal, and that he similarly failed to establish that he more likely than not will be tortured if returned to India, as required for CAT relief. Khup v. Ashcroft, 376 F.3d 898, 905-08 (9th Cir.2004).
Petition DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because we must uphold the adverse credibility finding if substantial evidence supports even one of the IJ's reasons, we need not and do not address every reason given by the IJ. The reasons discussed in text suffice even if none of the other reasons is supported by substantial evidence.
The dissent discusses at length the government’s chosen emphasis at oral argument. Dissent at 949-50. The dissent interprets the government’s decision to focus on two of the IJ’s reasons as a concession that the IJ’s other reasons lack merit. Dissent at 950 n. 3. We do not. We have recognized that ”[a]n admission that reasonable minds could differ ... is not a concession that the opposing party is correct.” Stoot v. City of Everett, 582 F.3d 910, 919 n. 9 (9th Cir.2009), cert. denied, - U.S. -, 130 S.Ct. 2343, 176 L.Ed.2d 577 (2010). Moreover, the government clearly does not concede the broader point that the IJ’s adverse credibility determination lacks substantial evidence. Therefore, our task is to review the agency’s decision in its entirety and, in doing so, we are not limited to the reasons discussed at argument.