NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO PEREZ-SORIA, | No.    14-70733 |
| Petitioner, | Agency No. A205-320-747 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Luis Alberto Perez-Soria, a native and citizen of Mexico, petitions for

review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We dismiss in part and deny in part the petition for review.

Perez-Soria contends he was denied due process as a result of being unable to fully present his case due to his former counsel's incompetence and IJ bias.  We lack jurisdiction to consider Perez-Soria's contentions regarding his former counsel.  *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) (petitioner must first exhaust ineffective assistance of counsel claim by raising it to the BIA).  We reject Perez-Soria's contention that the BIA erred by failing to address the IJ's preclusion of his second witness because Perez-Soria did not raise this issue to the BIA.  Further, we reject Perez-Soria's contention that the IJ violated his due process rights.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir. 2004) (IJ's conduct did not deny petitioners due process).  Perez-Soria does not otherwise challenge the agency's denial of his application for asylum, withholding of removal, and CAT relief.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**