120

Edgar Esteban LOPEZ MANCILLA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70294.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 27, 2004.

Edgar Esteban Lopez Mancilla, Los Angeles, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Leslie Cayer Ohta, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Edgar Esteban Lopez Mancilla, a native and citizen of Guatemala, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lopez Mancilla's sole contention on appeal is that the he was deprived of effective assistance of counsel by his counsel's failure to seek termination of proceedings without prejudice so that he could adjust his status under his wife's application pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997. A petitioner asserting a claim of ineffective assistance of counsel is required "to exhaust his administrative remedies by first presenting the issue to the BIA." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). "A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his claims." *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995); *see also Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir.2003) ("[A]s a practical matter, a motion to reopen is the only avenue ordinarily available to pursue ineffective assistance of counsel claims."). The procedure for filing a motion to reopen is codified at 8 U.S.C. § 1229a(c)(6) and 8 C.F.R. §§ 1003.2(c), 1003.23.

The record reveals that Lopez Mancilla has failed to exhaust his administrative remedies with regard to his ineffective assistance of counsel claim. Lopez Mancilla did not present his ineffective assistance of counsel claim to the BIA, or move to reopen his case before the BIA. Accordingly, we deny the petition for review.

**PETITION FOR REVIEW DENIED.**