**Elgerd QALLIAJ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72023.
Agency No. A73–945–529.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Elgerd Qalliaj, Glendale, AZ, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Elgerd Qalliaj, a native and citizen of Albania, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen asy-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

lum proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen. *Cano–Merida v. INS* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA properly denied Qalliaj's motion as untimely, because Qalliaj filed his motion more than 90 days after the final agency action and provided no explanation for the delay. *See* 8 C.F.R. § 1003.2(c)(2).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte power to reopen deportation proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2000).

We lack jurisdiction to consider Qalliaj's ineffective assistance of counsel claim because he has not exhausted the claim before the agency. *See Liu v. Waters,* 55 F.3d 421, 424–26 (9th Cir.1995). Although we take no position on the issue, we note that the government states in its brief: "... the proper recourse for an alien who has forfeited a claim as a result of attorney ineffectiveness is a motion to reopen before the Board [of Immigration Appeals]."

Qalliaj's remaining contentions lack merit.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 901 (9th Cir.2004) (order), Qalliaj's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED in part and DISMISSED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.