**Sergio AVALOS GURROLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73450.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Janice K. Redfern, Christopher C. Fuller, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Sergio Avalos Gurrola, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We vacate and remand the petition.

The IJ denied the application on two independent grounds: (1) that Avalos Gurrola failed to establish that he was physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; and (2) that Avalos Gurrola failed to establish that his removal would result in exceptional or extremely unusual hardship to his United States citizen son.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 853 (9th Cir.2003), but we do not have jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887 (9th Cir.2003).

---

Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify the grounds for its affirmance of the IJ's denial of the application for cancellation of removal. *Id.* at 932 (9th Cir. Nov. 22, 2004).

We lack jurisdiction to review Avalos Gurrola's ineffective assistance of counsel claim because he did not raise it before the BIA. *See Liu v. Waters,* 55 F.3d 421, 424–25 (9th Cir.1995).

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.