**Isaias Gutierrez BENAVIDES, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

Nos. 04–75234, 06–73792.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.\*\*

Filed Nov. 27, 2007.

Rhoda Wilkinson Domingo, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, Yamileth G. Handuber, M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Isaias Gutierrez Benavides, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motion to reopen, and dismissing his appeal from the Immigration Judge's order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and due process violations de novo. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir.2004). We deny the petitions for review.

Gutierrez's contention that the BIA violated his due process rights by refusing to extend the briefing schedule fails because the BIA has discretion whether or not to grant a motion for extension of time or to accept late filings. *See* 8 C.F.R. § 1003.3(c)(1) (BIA has discretion to extend briefing schedules, and to consider a brief that has been filed out of time). We therefore deny the petition in No. 04–75234.

Gutierrez failed to exhaust the ineffective assistance of counsel claim raised in No. 04–75234, but his motion to reopen properly raised the claim before the BIA, and we review the denial of the motion to reopen in No. 06–73792. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir.1995) (petitioner is required to exhaust ineffective assistance of counsel claims in a motion to reopen before the BIA). We agree with

the BIA's conclusion that Gutierrez failed to establish prejudice because he did not demonstrate how actions by either of his former attorneys may have affected the outcome of his claim. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (petitioner must demonstrate that counsel's actions may have affected the outcome of the proceedings in order to prevail).

Respondent's motion to strike extra-record attachments to the opening brief in No. 04–75234 is denied as moot because the attachments are included in the consolidated certified administrative record.

**In No. 04–75234, PETITION FOR REVIEW DENIED.**

**In No. 06–73792, PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

