**Berta Azucena PEREZ–MORENO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73111.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Kristin Edison, James A. Hunolt, Eric Warren Marsteller, Esq., OIL, DOJ—U.S. Department of Justice, Washington, DC, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Berta Azucena Perez–Moreno, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings to seek adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Perez–Moreno's motion to reopen as untimely because it was filed more than six years after the BIA's September 22, 1999 order dismissing her appeal. *See* 8 C.F.R. § 1003.2(c)(2) (motions to reopen generally must be filed no later than 90 days after the final administrative decision). The BIA correctly concluded that Perez–Moreno is not entitled to equitable tolling, because she failed to allege any misconduct or error by prior counsel in her motion to reopen. *See Iturribarria*, 321 F.3d at 897 (equitable tolling is avail-

---

* The panel unanimously finds § this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

able to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

We lack jurisdiction over Perez–Moreno's ineffective assistance of counsel claim because she has not exhausted this claim before the BIA. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995) (ineffective assistance of counsel claims must be exhausted through a motion to reopen before the BIA).

We lack jurisdiction to review the agency's decision not to exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.