MEMORANDUM **
Simbolon’s petition, with respect to his motion to reopen, is denied. Simbolon failed to establish prima facie eligibility for the relief sought, see Ordonez v. INS, 345 F.3d 777, 785 (9th Cir.2003), and did not state any new facts, “supported by affidavits or other evidentiary material,” which could be proven at a new hearing. 8 C.F.R. § 1008.2(c)(1); see also INS v. Abudu, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The evidence submitted by Simbolon with his motion to reopen does not support his assertions, namely, that Islamic extremists are targeting Westerners on account of the 2004 Indian Ocean Tsunami because, Simbolon claims, they did so after Krakatoa erupted in 1883. The Board of Immigration Appeals’ (BIA) finding that Simbolon was ineligible for asylum also establishes that he could not demonstrate a prima facie case for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Simbolon failed to present any facts which would entitle him to relief on any other grounds.
On appeal, Simbolon asserts for the first time that his previous counsel was ineffective in representing him before the immigration judge and the BIA. This Court lacks jurisdiction to remand or consider a question of this type not raised before the agency. Gonzales v. Thomas, 547 U.S. 183, 186-87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam); Liu v. Waters, 55 F.3d 421, 424-26 (9th Cir.1995); see also Matter of Compean, 25 I. & N. Dec. 1, 3 (A.G.2009). Simbolon’s motion to supplement the record is denied. As to the contention that Simbolon’s former attorney was ineffective with regard to proceedings before this court, that contention is not properly before us. See Singh v. Gonzales, 499 F.3d 969, 972 (9th Cir.2007); Compean, 25 I. & N. Dec. at 3.
Simbolon’s petition is DENIED in part, and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.