**YINGMING ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75245.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.[*]

Filed July 31, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Melanie Meie Yang, Esquire, Law Offices of Melanie M. Yang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brooke Maurer, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Yingming Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination, because the discrepancy in Zhang's testimony regarding the duration of his detention and the date he was released from prison was material and goes to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741–43 (9th Cir.2007); *see also Li*, 378 F.3d at 963 (concluding the IJ properly considered and rejected petitioner's explanation for inconsistent testimony). In the absence of credible testimony, Zhang's

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Zhang's CAT claim is based on the same evidence that the IJ found not credible, and he does not point to any other evidence showing it is more likely than not that he would be tortured in China, his CAT claim also fails. *See id.* at 1156–57.

We lack jurisdiction to review Zhang's contentions that his counsel was ineffective, *see Liu v. Waters*, 55 F.3d 421, 425–26 (9th Cir.1995) (requiring petitioner to exhaust ineffective assistance of counsel claim through a motion to reopen before the BIA), and that the IJ deprived him of a reasonable opportunity to present his claim, because he did not raise these contentions before the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**