**NOT FOR PUBLICATION**

OCT 3 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGQING LI,<br><br>              Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 11-73320<br><br>Agency No. A099-716-549<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

    Hongqing Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Li's asylum claim based on the vague and equivocal testimony the agency noted, and based on Li's failure to corroborate his address when given the opportunity. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"); *see also Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011) (petitioner's corroborating evidence did not compel the finding that he met his burden of proof). We lack jurisdiction to consider Li's contention regarding his attorney's efforts to obtain corroborating evidence in proceedings before the IJ because Li failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 1995).

Li does not challenge the BIA's determination that he waived his withholding of removal and CAT claims.

Finally, we lack jurisdiction to consider any ineffective assistance of counsel claim that Li raises. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) (requiring

exhaustion of ineffective assistance of counsel claim via a motion to reopen before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**