

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL OROZCO INFANTE, | No. 14-70716 |
| Petitioner, | Agency No. A200-157-530 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Miguel Orozco Infante, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order of removal.  We dismiss the petition for review.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to consider Orozco Infante's unexhausted contentions that the IJ violated his constitutional, statutory, and regulatory rights to counsel by denying his request for an additional continuance, or that he qualifies for asylum, withholding of removal, and protection under the Convention Against Torture. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (we lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA).

We also lack jurisdiction to consider any claim of ineffective assistance of counsel, because Orozco Infante did not raise it with the BIA in a motion to reopen. *See Liu v. Waters*, 55 F.3d 421, 424-25 (9th Cir. 1995) (requiring exhaustion of ineffective assistance of counsel claim through a motion to reopen before the BIA).

Finally, we lack jurisdiction over claims regarding prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642 (9th Cir. 2012), and do not consider evidence outside the administrative record, *see Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DISMISSED.**