**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS GONZALO FERMAN, | No. 16-70996 |
| Petitioner, | Agency No. A095-011-945 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Douglas Gonzalo Ferman, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision deeming his applications for relief abandoned for failure to complete biometrics. Our jurisdiction is governed by 8

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the agency's decision to decline a further continuance. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in declining to grant Ferman a further continuance to allow him to submit his fingerprints for biometric analysis, where the IJ informed him orally of the deadline for being fingerprinted and of the consequences of failure to meet the deadline, but he failed to comply or present good cause for his failure to comply. *See* 8 C.F.R. § 1003.47(c) ("Failure to file necessary documentation and comply with the requirements to provide biometrics … within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause."); *cf. Cui,* 538 F.3d at 1293-95 (requiring a continuance where the alien had no notice of the requirement).

We lack jurisdiction to consider Ferman's contention regarding his prior attorney's conduct before the BIA. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We . . . require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 2000) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his

16-70996

[ineffective assistance] claims.").

We lack jurisdiction to consider Ferman's unexhausted contentions regarding voluntary departure, the IJ's alleged bias, and his contentions that he was denied due process. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

WATFORD, Circuit Judge, Dissenting:

I would grant the petition.