**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO SEVILLA-CASTANEDA, AKA Antonio Sepulvera Contreras, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   17-70113 <br><br> Agency No. A087-848-413 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Marco Antonio Sevilla-Castaneda, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

------

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, giving deference to the BIA's interpretation of the governing statutes and regulations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to address Sevilla-Castaneda's proposed social group consisting of "young persons," his contention about persecution based on political opinion, and his ineffective assistance of counsel claim because he did not raise these to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) (ineffective assistance of counsel claim must be raised with the agency first).

The agency did not err in finding that Sevilla-Castaneda's proposed group of returning Mexicans who are perceived as wealthy do not constitute a cognizable group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). And substantial evidence supports the conclusion that Sevilla-Castaneda has not shown that his life or freedom would be threatened on account of his family. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members

2                                                              17-70113

bears no nexus to a protected ground.").

Substantial evidence also supports denial of Sevilla-Castaneda's CAT claim because he failed to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

We reject Sevilla-Castaneda's argument that the agency violated his due process rights by failing to apprise him of apparent eligibility for asylum where the evidence does not indicate "a reasonable possibility that the alien [was] eligible for relief at the time of the hearing." *United States v. Guzman-Ibarez*, 792 F.3d 1094, 1101 (9th Cir. 2015).

Finally, we deny Sevilla-Castaneda's motion to supplement the record on appeal (Docket Entry No. 21).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**