**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO ENRIQUE RECINOS, | No.   18-71812 |
| Petitioner, | Agency No. A040-427-185 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019[**]

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Fernando Enrique Recinos, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny in part and dismiss in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Recinos does not raise, and therefore waives, any challenge to the BIA's denial of his motion to reopen. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to consider Recinos's unexhausted ineffective assistance of counsel claim, which must first be raised in a motion to reopen before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance of counsel] claims.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**