NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AI XIANG PENG,<br><br>                    Petitioner,<br><br>     v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                    Respondent. | No.    18-72026<br><br>Agency No. A213-086-737<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Ai Xiang Peng, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.   We review for substantial evidence

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Peng's contentions as to the merits of her asylum and withholding of removal claims because she failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Peng failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture established).

To the extent Peng raises an ineffective assistance of counsel claim in her opening brief, we lack jurisdiction to consider the unexhausted claim, which must first be raised in a motion to reopen before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance of counsel] claims.").

We do not consider the materials Peng references in her opening brief that

are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based" (internal quotation and citation omitted)).

Finally, we lack jurisdiction to consider Peng's contention regarding her custody status in the context of an appeal of removal proceedings. *See* 8 C.F.R. § 1003.19(d); *Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**