NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADAN ESPANA FLORES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70689

Agency No. A206-908-592

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Adan Espana Flores, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

We reject Espana Flores' contentions as to streamlining because the BIA did not streamline his case.

In his opening brief, Espana Flores fails to challenge the agency's dispositive bases for denying his claims for asylum, withholding of removal, and relief under CAT.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, any challenge to the denial of these claims is waived.

Espana Flores also fails to challenge the BIA's determinations that he was not denied the right to an interpreter and that he waived his right to counsel.  *See id.*

We reject as unsupported by the record Espana Flores' contentions that he was not provided an opportunity to obtain counsel and that his constitutional rights were violated.

We lack jurisdiction to consider Espana Flores' contentions as to past harm and a fear of future harm based on a political opinion, and that he received ineffective assistance of counsel, because he did not exhaust these claims before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Liu v.*

2

*Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance of counsel] claims.").

We also lack jurisdiction to consider Espana Flores' contention regarding his custody status in the context of an appeal of removal proceedings. *See* 8 C.F.R. § 1003.19(d).

To the extent that Espana Flores requests in his opening brief a stay of removal, the request is denied as unnecessary. As indicated in this court's June 16, 2015 order, Espana Flores has a stay of removal in effect. The stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**