NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEIQI LIU, | No. 16-71365 |
| Petitioner, | Agency No. A096-051-464 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Peiqi Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Liu failed to establish she suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, interrogation, and forced admission that applicant had "done wrong" did not compel a finding of past persecution). Substantial evidence also supports the agency's determination that Liu did not establish a well-founded fear of future persecution. *See id.* at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Liu's asylum claim fails.

Because Liu failed, for purposes of asylum, to establish past harm severe enough to rise to a level of past persecution or to establish a well-founded fear of such harm in the future, she necessarily fails to meet the more stringent standard required for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

We do not address Liu's contentions regarding credibility because the BIA did not reach that issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th

Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT relief because Liu failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Guo v. Sessions*, 897 F.3d 1208, 1217 (insufficient likelihood of torture).

To the extent Liu raises an ineffective assistance of counsel claim in her opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance of counsel] claims.").

Finally, we do not consider the materials Liu references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**