**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIVIAN JEANETH SAENZ ALVARADO, | No. 20-71139 |
| Petitioner, | |
| v. | Agency No. A207-412-607 |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Vivian Jeaneth Saenz Alvarado, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") decision finding her removable and

denying her application for voluntary departure. Our jurisdiction is governed by 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Saenz Alvarado does not challenge the agency's determination that her embezzlement conviction under Nev. Rev. Stat. § 205.300 constituted an aggravated felony that rendered her removable and statutorily ineligible for voluntary departure. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

To the extent Saenz Alvarado raises an ineffective assistance of counsel claim in the first instance in her opening brief, we lack jurisdiction to consider it. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."); *see also Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the BIA to reopen before we will hold that he has exhausted his [ineffective assistance of counsel] claims.").

We do not address Saenz Alvarado's contentions as to humanitarian relief because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The temporary stay of removal remains in place until issuance of the

mandate. The motion for a stay of removal (Docket Entry No. 8) is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

20-71139