**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SURINDER PAL,

     Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

     Respondent.

No. 21-70775

Agency No. A205-907-699

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Surinder Pal, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration

Judge's ("IJ") denial of his applications for withholding of removal and relief

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  Our review is "limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015) (citation omitted).  In reviewing the BIA's decision, we consider only the grounds on which the agency relied. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).  We review questions of law de novo and factual determinations for substantial evidence. *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021).

1.  The BIA properly concluded that Pal was not entitled to withholding of removal.  The BIA's conclusion that Pal failed to demonstrate that the government was unable or unwilling to control his persecutors is supported by substantial evidence. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (holding that, to be eligible for withholding of removal, the persecution at issue "must have been committed by the government" or "by forces that the government was unable or unwilling to control") (citation and quotation marks omitted).

Pal claims that the police are looking for him and are bribed by his persecutors.  However, he does not have firsthand knowledge of this and provides no evidence to support his theory. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005) (asylum and withholding properly denied when BIA permissibly

2

concluded that fear of future persecution was speculative). Although country conditions evidence indicates that caste-based violence continues to persist in India, it also reveals that India has governmental programs in place to protect lower-caste individuals from mistreatment and discrimination. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups.").

In light of our conclusion that Pal has not established governmental inability or unwillingness to control his persecutors, we need not reach the nexus issue. To the extent Pal argues that the agency erred in failing to address the threat to Pal from sources other than his ex-brother-in-law, we lack jurisdiction to consider this issue because Pal did not raise it before the IJ or the BIA and therefore failed to exhaust his administrative remedies. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004).

2. The BIA also properly concluded that Pal is also not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. See 8 C.F.R. § 208.16(c)(2); *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

3. The agency was not required to independently take administrative notice of country-conditions evidence that the parties did not include in the administrative record. *See Liu v. Waters*, 55 F.3d 421, 427 (9th Cir. 1995). To the extent that Pal asks our court to consider such evidence, we are barred from "taking judicial notice of a report that is not a part of the record." *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**