NOT FOR PUBLICATION

**FILED**

FEB 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA RUTH ELIAS-DE ALEMAN; ULISES ADONAY ALEMAN-ELIAS, | No. 18-71963 |
| Petitioners, | Agency Nos. A208-537-260 |
| v. | A208-537-261 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Ana Ruth Elias-De Aleman and Ulises Adonay Aleman-Elias, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") decision

denying their applications for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Petitioners claim only that their BIA appeal was tainted by ineffective assistance of counsel. Petitioners make no other claim for relief before this court. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners raise their ineffective assistance of counsel claim in the first instance in this court. Generally, ineffective assistance of counsel claims cannot be brought without meeting the exhaustion requirement. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that § 1252(d)(1) "generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below"); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) ("[T]o the extent petitioners contend they received ineffective assistance of counsel, we lack jurisdiction to review unexhausted claims that could have been corrected by the BIA."); *Singh v. Gonzales*, 499 F.3d 969, 973 (9th Cir. 2007); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("A petitioner must make a motion for the [Board] to reopen before we will hold that he has exhausted his [ineffective assistance] claims."). As such, this court lacks jurisdiction to review the Petitioners' claim. *Id*.

**DENIED.**